IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHRISTEL ENGLAND, KAREN             )
MEYERS, and ANGELA JOYNER-PERRY,    )
individually and on behalf of       )
all others similarly situated,      )
                                    )
               Plaintiffs,          )
                                    )
     v.                             )      1:23CV847
                                    )
SELENE FINANCE, LP,                 )
                                    )
               Defendant.           )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

In this putative class action, Plaintiffs Christel England, Karen Meyers, and Angela Joyner-Perry seek recovery from Defendant Selene Finance, LP ("Selene"), a mortgage servicer, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 et seq., the North Carolina Collection Agencies Act ("NCCAA"), N.C. Gen. Stat. § 58-70-1 et seq., and negligent misrepresentation under North Carolina common law. Before the court is Selene's motion to transfer venue to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). (Doc. 12.) Plaintiffs have responded. (Doc. 16.) For the reasons that follow, Selene's motion will be denied.

## I. BACKGROUND

Selene services residential mortgage loans. (Doc. 1 ¶ 21.) In April 2023, Selene sent Plaintiff Meyers a letter to inform her that her mortgage loan was in default. (Id. ¶ 36.) Accordingly, the letter threatened the acceleration of the loan and the sale or foreclosure of the property by judicial proceedings. (Id.) In August 2023, Selene sent Plaintiff England a materially identical letter. (Id. ¶ 31.) Indeed, Plaintiffs allege that Selene sent this form of letter to each borrower in North Carolina who was more than forty-five days delinquent on a loan serviced by Selene. (Id. ¶¶ 44-45). Selene also sent Plaintiff Joyner-Perry multiple debt validation letters that allegedly erroneously identified the amount owed on her home. (Id. ¶ 41.)

In October 2023, Plaintiffs filed this putative class action, alleging that Selene's letters contained false and deceptive statements in violation of the FDCPA, the NCDCA, the NCCAA, and North Carolina common law. (See Doc. 1 ¶¶ 66, 108-13, 115-19, 135-39, 141-45, 150-58, 160-64, 180-83.) In December 2023, Selene moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. 10.) The court granted Selene's motion in part, thereby dismissing every Plaintiff's claim for negligent misrepresentation in addition to Plaintiff Joyner-Perry's claim under the FDCPA. (See Doc. 21.) Now, the

2

court considers Selene's prior motion to transfer the remaining claims to the Eastern District of North Carolina.

**II. ANALYSIS**

Selene contends that the factors governing transfer of venue weigh in favor of transferring this action to the United States District Court for the Eastern District of North Carolina. (Doc. 13 at 6.) Specifically, Selene argues that Plaintiffs' choice of venue deserves little deference because (1) two of the three Plaintiffs reside outside of the Middle District of North Carolina and (2) most of the letters were received by North Carolina residents outside of this District. (Id. at 7-8.) Plaintiffs respond that none of the relevant factors favors transfer, especially considering the substantial weight that should be afforded to Plaintiffs' choice of forum. (Doc. 16 at 4.)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Thus, a motion to transfer

3

venue under § 1404(a) "calls on the district court to weigh in the balance a number of case-specific factors." Id. "District courts within [the Fourth] Circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).[1]

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" Id. (quoting Bd. of Trs. v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). Indeed, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight,

---

[1] In their briefs, the parties rely on a more expanded version of the public and private factors that guide a district court's decision of whether to transfer an action pursuant to 28 U.S.C. § 1404(a). (Docs. 13 at 4-5; 16 at 3.) These factors include: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of witnesses; (4) the possibility of a view of the premises; (5) the enforceability of a judgment; (6) the relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) the administrative difficulties of court congestion; (9) the local interest in having localized controversies settled at home; (10) the appropriateness in having a trial of a diversity case in a forum that is at home with the governing state law; and (11) the avoidance of unnecessary problems with conflicts of laws. This court has applied those factors as well. See Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 802 (M.D.N.C. 2008). To the extent any of these factors are not incorporated into the Fourth Circuit's articulation of the § 1404(a) factors, the court finds that none weighs in favor of transfer.

4

Inc., 748 F.2d 916, 921 (4th Cir. 1984) (alteration in original) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)).  A plaintiff's initial choice of venue will only receive less weight "if the plaintiff chooses a foreign forum or the cause of action bears little or no relation to the chosen forum." Wall Recycling, LLC v. 3TEK Glob., LLC, 497 F. Supp. 3d 30, 46 (M.D.N.C. 2020).

The court must give substantial weight to Plaintiffs' choice of venue.  First, Plaintiff England resides in the Middle District of North Carolina, and so Plaintiffs did not choose a foreign forum when filing this action.  (See Doc. 1 ¶ 10.)  It does not matter that Plaintiffs Meyers and Joyner-Perry do not also reside in the Middle District – there simply is no requirement that a majority of the plaintiffs reside in the chosen venue.

Second, the cause of action bears a significant relation to the Middle District of North Carolina.  As Selene admits, approximately thirty percent of the letters sent by Selene to North Carolina residents concerned properties in this District.  (Doc. 13 at 3.)  Again, it does not matter that a plurality of the letters related to properties in the Eastern District of North Carolina. Rather, the distribution of the related properties among North Carolina's three judicial districts suggests that all three districts bear a significant relation to this action.[2]  Thus,

---

[2] In its memorandum in support of the motion to transfer venue, Selene

Selene fails to diminish the "substantial weight" generally afforded to a plaintiff's choice of venue.

The balance of the remaining three factors must therefore strongly favor Selene to disturb Plaintiffs' choice of venue. See Collins, 748 F.2d at 921. Selene argues that the Eastern District of North Carolina has a greater interest than this District because, again, a plurality of the related properties are located in the Eastern District. (Doc. 13 at 9-10.) But the court declines to find that the interest of justice is best served by merely transferring venue to whichever district contains a plurality of related properties. Moreover, Selene provides no information on how transfer of this action to the Eastern District would facilitate witness convenience and access. Nor does Selene address how transfer serves its own convenience as a Texas corporation with its principal place of business in Coppell, Texas. (See Doc. 1 ¶ 16.) Accordingly, the court finds that the remaining three factors are, at most, neutral on whether transfer is appropriate.

Because Selene has not satisfied its burden to show that the balance of factors tips "strongly in [its] favor," the motion to transfer venue pursuant to § 1404(a) will be denied. See Collins, 748 F.2d at 921.

---

contends that it sent a total of 1,033 letters related to properties in the Eastern District, 838 letters related to properties in the Western District, and 821 letters related to properties in the Middle District. (Doc. 13 at 3.)

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Selene's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 12) is DENIED.

                                            /s/   Thomas D. Schroeder
                                         United States District Judge

September 30, 2025