UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:23-CV-00847-LCB-JEP

---

**CHRISTEL ENGLAND, KAREN MEYERS** and **ANGELA JOYNER-PERRY,** individually and on behalf of themselves and all others similarly situated,

                        Plaintiffs,

v.

**SELENE FINANCE, LP,**

                        Defendant.

                                        **RULE 26(f) REPORT**

---

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR16.1(b), a telephonic meeting was held on November 6, 2025, with the following counsel participating:

        a.      Scott C. Harris and Michael Dunn for Plaintiffs Christel England, Karen Meyers, and Angela Joyner-Perry and the putative class.

        b.      D. Kyle Deak for Defendant Selene Finance, LP.

Plaintiffs and Defendant jointly submit their reports at this time for the Court's consideration.

2.      **Discovery Plan.** The parties propose to the Court the following discovery plan:

        a.  The "commencement date" of discovery will begin on November 17, 2025. The parties agree that the case-management track established in LR 26.1(a),

1

**Exceptional**, is appropriate for this case.  In that event, discovery will be needed on the following subjects:

    i.    Matters relating to the issues raised and allegations made in Plaintiff's Complaint(s).

    ii.    Matters relating to the issues and defenses raised in the Answer(s) of Defendant.

    iii.    Matters relating to class certification, including, among other factual and legal issues, matters relating to numerosity, commonality, typicality, and adequacy.

    iv.    Any and all matters raised in any of the pleadings as currently pled or as hereafter may be amended.

b.  Discovery Schedule:

    i.    The date for completion of all discovery (general and expert) will be September 4, 2026;

    ii.    The parties agree that Rule 26(a)(1) Initial Disclosures are to be served by **December 19, 2025**.

    iii.    The Plaintiffs, collectively and not individually, and Defendant each shall be entitled to take a maximum of 10 depositions, exclusive of experts. Each deposition shall be limited to a maximum of seven (7) hours of record time, unless extended by agreement of the parties.

    iv.    The Plaintiffs, collectively and not individually, and Defendant shall be entitled to a total of 30 interrogatories to be served on each other

2

c. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

    i. From Plaintiff are due on or before **March 13, 2026**.

    ii. From Defendants are due on or before **April 10, 2026**.

    iii. Any rebuttal experts are to be disclosed on or before **May 1, 2026**.

d. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

e. Plaintiff will move for class certification on or before **May 22, 2026**. If there is a need to alter the deadline for moving for class certification, then the parties will work cooperatively to adjust the schedule as necessary and promptly inform the Court if any adjustments may be necessary or any disagreements to which the Court may need to intervene regarding the same.

3.     **Mediation.** Mediation should be conducted on or before **August 21, 2026,** late in the discovery period the exact date to be set by the mediator after consultation with the parties.

4.     **Other items.**

a. Plaintiffs shall be allowed until **April 24, 2026** to request leave to join additional parties or amend pleadings pursuant to Rule 15. Defendant should be allowed until **May 22, 2026** to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave to amend shall be made under the provisions of Rule 15 of the Federal Rules of Civil Procedure.

3

b. The parties have not determined a deposition schedule as discovery has yet to be exchanged. The parties will update this schedule at reasonable intervals.

c. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S. C. §636(c), or appointment of a master. The parties do not consent to trial and disposition of this case by a Magistrate Judge and do not presently believe that appointment of a special master is necessary.

d. All potentially dispositive motions shall be filed by **October 2, 2026**.

e. The case shall be a jury trial as to all issues triable by a jury beginning no sooner than **February 1, 2027.** However, the trial date will likely be affected depending upon Plaintiff's Motion for Class Certification.

f. Future decisions, in particular decisions about class certification, will significantly impact trial length. For planning purposes, the parties suggest allotting 1-2 weeks for trial. A jury trial has been demanded.

g. The parties discussed whether the case will involve the possibility of confidential or sealed documents and will inform the Court by no later than **November 21, 2025** as to whether a LR 5.5 Order will be necessary.

6. **Electronically Stored Information.** Regarding electronic discovery, the parties agree to meet and confer by **November 21, 2025** regarding the format in which electronically stored information (ESI) will be produced.

7. **Electronic Service of Discovery.** The parties agree that service by email

to the email addresses below shall be sufficient for service of any discovery request and response, and that no paper copies need be mailed.

8.   The basis of federal subject matter jurisdiction is: federal question. The parties have reviewed the Federal Rule 7.1 and Local Rule 7.7 disclosures to confirm diversity, including citizenship of all members of an LLC and partners of a partnership.

Respectfully submitted this the 14th day of November, 2025.

| | |
|---|---|
| /s/ Scott C. Harris<br>Scott C. Harris<br>NC Bar No.: 35328<br>**BRYSON HARRIS SUCIU &<br>DEMAY, PLLC**<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Tel: 919-600-5000<br>sharris@brysonpllc.com<br><br>Edward H. Maginnis<br>NC Bar No.: 39317<br>Karl S. Gwaltney<br>NC Bar No.: 45118<br>**MAGINNIS HOWARD**<br>7706 Six Forks Road, Suite 101<br>Raleigh, NC 27615<br>T: 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<br>emaginnis@carolinalaw.com<br>kgwaltney@carolinalaw.com<br><br>*Attorneys for Plaintiffs* | /s/ D. Kyle Deak<br>D. Kyle Deak<br>NC Bar No.: 35799<br>**TROUTMAN PEPPER LOCKE LLP**<br>305 Church at North Hills Steet, Ste. 1200<br>Raleigh, NC 27609<br>Tel: 919-835-4133<br>kyle.deak@troutman.com<br><br>*Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, Rule 26(f) Report of the Parties, has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the CM/ECF participants on this 14th day of November, 2025.

/s/ Scott C. Harris
Scott Harris
**BRYSON HARRIS SUCIU**
**& DeMAY, PLLC**